By the Court, Nelson, Ch. J.
It is provided by statute, (2 R. S. 586, § 23, 2d ed.,) that “no person sentenced upon a conviction for felony, shall be competent to testify &c., unless he be pardoned by the governor or by the legislature; except in the cases specially provided by law; but no sentence upon a conviction for any offence other than a felony, shall disqualify or render any person incompetent to be sworn or to testify” &c. At common law, petit larceny was a felony, and the offender an incompetent witness after conviction and sentence. In the case *262 of Ward v. The People, (3 Hill, 395,) we. were inclined,, tp think and indeed had no doubt that this offence still continued a felony at common law; though it was thought probable tire legislature supposed they had reduced it to the grade of a misdemeanor. We there came to the conclusion that the provision defining what should constitute a felony within the statute, did not reach those at common law which were not included in the provision. I do not think, however, that this conclusion controls the question whether the offender has been restored to competency as a witness by the section above referred to. That section removes the common law. disqualification in all cases of conviction for “ any offence other than a felonythe term “ felony,” as there used, evidently meaning that offence as defined and declared by the revised statutes. This is made clear by a reference to the 30th section, (p. 587,) which provides that “ the term ‘felony,’ when used, in this act, or in any other statute, shall be construed to mean an offence for which the offender, on conviction, shall be liable by law to be punished by death or by imprisonment in a state prison.” Petit larceny not being a felony within this provision of the statute, though one still at common law, it of course falls Avithin the class of offences which are excepted from the general operation of the 23d section. All are excepted under the degree of statute, felonies.
The record of conviction, however, Avas admissible for the purpose of affecting the credit of the Avitness; and the court erred in refusing to receive it for that purpose. (2 Hale’s P. C. 278; King v. Crosby, 5 Mod. 15; 1 Stark. Ev. 99, ed. of 1834; 1 Phill. Ev. 35, ed. of 1835; Archb. Cr. L. 125 ; Cowen & Hill’s Notes to Phil. Ev. 66.)
The parties to this suit filed a joint creditor’s bill in chancery ' against Dunham, Belcher and Hendrickson, for the purpose of enforcing the collection of distinct and separate judgments which each had recovered against Dunham. The proceedings resulted in a dismissal of the bill as to Dunham and Belcher, with costs in favor of Belcher, to be taxed against the complainants; and the question is. whether the complainants are liable, as between *263 themselves, each for a moiety of the costs paid to Belcher, or only pro rata according to the amount of their respective judgments. If the latter rule is to prevail, Nixon has paid some $50 more than his share, and is entitled to contribution.
It appears to me there is no foundation in reason or justice for the application of this rule. The complainants do not stand on the footing of partners, unequally interested in the prosecution of the same demand, in which case, I admit, they would be liable, as between themselves, in proportion to their respective interests; for there would be a strict community of trouble and expense attending the litigation in that proportion. The interest would be joint in law as well as fact throughout the proceedings. Here, though the remedy is joint -in form, the interests in the subject matter are distinct and separate; the pleadings and proofs are, or at least may be, materially different, depending upon the nature of the defence set up by the defendants in bar or mitigation of the several judgments sought to be enforced. The amount of one of them affords no criterion for determining the proportion of fees or expenses attending the litigation, either as it respects the prosecution or defence. The costs may have accrued wholly irrespective of the amount of either judgment, depending upon the grounds and nature of the defence. The burthen of the contest may oftentimes arise out of a resistance to the enforcement of the smallest judgment; and whether so in fact or not, would present an enquiry unfit and impracticable for a court of justice. And unless we consent to go into the enquiry, the most just and equitable rule, as a general one applicable to all these cases, will be to require a contribution in proportion to the number of separate and distinct parties in interest.
I am of opinion, therefore, that the judgment ought to be reversed.
Judgment reversed